# WILKERSON, HOZUBIN & BURKE
310 K Street, Suite 405
Anchorage, Alaska 99501

MARK E. WILKERSON
REBECCA J. HOZUBIN
DANA S. BURKE
WALLACE H. TETLOW
KENTON L. ROBINSON

Telephone (907) 276-5297
Facsimile (907) 276-5291

November 9, 2005

*Via US Mail & Facsimile*
*272-2082*

W. Michael Moody, Esq.
420 L Street, Suite 500
Anchorage, AK 99501

Re: *GEICO v. Dunst*
Case No.: A04-0272 CV (JWS)
Our File No.: 2000.264

Dear Mr. Moody:

This letter is in response to your correspondence dated October 6, 2005, where you improperly accuse GEICO of not handling Mr. Dunst's claims in a forthright manner. This is not the first correspondence from your office with such an acrimonious tone.

As I am sure you recall, Mr. Dunst made a demand, through your office, for uninsured motorist benefits before the identification of the other driver, and before it could be determined whether the other driver was insured. Under clear Alaska law, such a claim is barred.

Faced with your demand, GEICO filed a declaratory action asking for the court's guidance on how best to proceed. The court found that GEICO's position was proper, and that your position was in conflict with Alaska law:

> This case is not sufficiently distinct from *Wold* to present a difficult question of Alaska law. In *Wold*, there was no physical contact between the insured's vehicle and the other vehicle involved in the accident, but there was evidence of the other vehicle's involvement. In this case, there was no physical contact between Dunst's motorcycle and the other vehicle involved in his accident, but there is

Exhibit 5
Page 1 of 3 Pages

cc: G Dunst

W. Michael Moody, Esq.
November 9, 2005
Page 2

> evidence of the other vehicle's involvement. Because this case's facts are so similar to *Wold*'s, the questions it presents have already been answered by the *Wold* court.

Order at Docket 16 [citations omitted].

Next, you accuse GEICO of improperly resolving the issue of UIM under the umbrella policy. While it is true that GEICO initially included this issue in the declaratory action to preserve the issue, GEICO withdrew it and agreed to provide the $1 million in umbrella coverage before you even answered the declaratory action.

As you are certainly aware, the history of umbrella policy coverage for such claims falls within a very narrow window of time. This window was only open for such claims after the <u>Holderness</u> ruling and before the Alaska State Legislature changed the law to correct the <u>Holderness</u> ruling.

I made it plain to you that I was doing the legal research to resolve the umbrella issue and that GEICO would agree to umbrella coverage if the legislative history did not support retroactivity. The research was done promptly, and GEICO agreed to the umbrella UIM coverage. This resolution of a valid legal issue in Mr. Dunst's favor could hardly be labeled improper.

Finally, you accuse GEICO of misreading its Cycle-Gard and auto policies. However, you failed to include the specific limitation in both policies' UIM sections, which is in full accord with the language of AS 28.20.445(c). This language plainly limits a claimant to one UIM if two policies are issued by the same insurer. GEICO's policy language is not ambiguous.

Having said that, I appreciate your point that the Cycle-Gard policy was issued by one GEICO subsidiary and the auto policy by another. The registered agent for the two subsidiaries is the same, the contact information is the same, and the adjusters all are the same. Thus, we believe GEICO might well prevail in providing only one limit. Nevertheless, GEICO has decided to give Mr. Dunst the benefit of any legal doubt. GEICO agrees to afford an additional $300,000, plus add-

Exhibit 5
Page 2 of 3 Pages

W. Michael Moody, Esq.
November 9, 2005
Page 3


ons, to Mr. Dunst. Thus, the limits available to Mr. Dunst are $1.6 million plus add-ons.

 We are in the process of evaluating the medicals and the potential value of Mr. Dunst's claims. To expedite this process, we again request the opportunity to obtain a statement from Mr. Dunst, and to coordinate with you to obtain statements of the eyewitnesses.

       Very Truly Yours,

       WILKERSON, HOZUBIN & BURKE

       Mark E. Wilkerson


MEW/KLR/mlf
2000/264/corresp/Moody.012

Exhibit 5
Page 3 of 3 Pages