## WILKERSON, HOZUBIN & BURKE
310 K Street, Suite 405
Anchorage, Alaska 99501

MARK E. WILKERSON
REBECCA J. HOZUBIN
DANA S. BURKE
WALLACE H. TETLOW

Telephone (907) 276-5297
Facsimile (907) 276-5291

RECEIVED
BY MAIL

SEP 2 2 2005

ATKINSON, CONWAY
& GAGNON, INC.

September 22, 2005

**Via facsimile and US Mail**

W. Michael Moody, Esq.
420 L Street, Suite 500
Anchorage, AK  99501
FAX: 272-2082

Re:   *GEICO v. Dunst*
      Case No.:  A04-0272 CV (JWS)
      Our File No.:  2000.264

Dear Mr. Moody:

This letter is in response to your correspondence dated August 8, 2005, wherein you requested GEICO's explanation of the coverage afforded under Mr. Dunst's two primary policies. I will first address the language of AS 28.20.445(c), then I will provide language from the two policies at issue in this matter.

The statute cited reads as follows:

> **Section 28.20.445. Uninsured and underinsured motorists coverage.**
> (c) If a person is entitled as a named insured to uninsured or underinsured motorist coverage under more than one motor vehicle policy issued by the same insurer, the maximum amount payable may be limited to the highest limit of any one coverage under the policies.

The above statute provides an insurer the opportunity to limit the maximum amount payable to the highest limit of any one coverage under the policies. Mr. Dunst's policies contain provisions which indicate GEICO clearly chose to limit the

Exhibit 6
Page 1 of 3 Pages

W. Michael Moody, Esq.
September 22, 2005
Page 2

maximum amount payable under the policies to the highest limit of any one coverage (namely, the motorcycle policy).

### 1. GEICO Indemnity Cycle-Gard Motorcycle Policy, Policy No. NX61055

> Motorcycle Policy Amendment – Uninsured Motorists Coverage and Underinsured Motorists Coverage Alaska
>
> "When coverage is afforded for Uninsured or Underinsured Motorists coverage under more than one motor vehicle policy issued by the same insurer, the maximum amount payable <u>is limited</u> to the highest limit of any one coverage under the policy."
>
> "If separate policies with **us** are in effect for **you** or any person in **your** household, they may not be combined to increase the limit of **our** liability for a loss."

(Only underlining added.)

### 2. GEICO Alaska Family Automobile Insurance Policy, Policy No. 0741-98-04-03

Section IV – Uninsured Motorists Coverage and Underinsured Motorists Coverage, Limits of Liability, Paragraph 5 (p. 11/16):

> When coverage is afforded for Uninsured or Underinsured Motorist coverage under more than one motor vehicle policy issued by the same insurer, the maximum amount payable <u>is limited</u> to the highest limit of any one coverage under the policy.

(Underlining added.)

In the more general section titled "Other Insurance" of the same policy, GEICO quotes the same language of the above-referenced statute.

Exhibit 6
Page 2 of 3 Pages

W. Michael Moody, Esq.
September 22, 2005
Page 3

**Discussion:**

    Based on the foregoing excerpts from the two primary policies, both policies limit the coverage to the highest limit of any one coverage under the policy.

    The Alaska statute, cited above, allows the insurer to limit the maximum amount payable to the highest limit of liability of any one coverage under the policies. In the current situation, both of Mr. Dunst's policies contain the same language wherein GEICO has specifically limited the maximum amount payable to the highest limit of any one coverage under the policy. This is a clear indication of GEICO's intent to limit the UM/UIM coverage to that coverage afforded by either the motorcycle or the auto policy, and not have both policies' coverage apply to one incident.

    We believe the statute and GEICO's two polices are clear and unambiguous and the court will not torture and twist the policy language to find an ambiguity. *See* <u>Whispering Creek v. Alaska National Ins. Co.</u>, 774 P.2d 176 (Alaska 1989).

    We hope this answers your inquiry. If you disagree with this analysis please respond at your earliest convenience. We look forward to receiving updated medical information, taking a sworn statement from Mr. Dunst, obtaining statements from the eyewitnesses and moving to the adjustment of Mr. Dunst's loss as soon as possible.

                                Best Regards,

                                WILKERSON, HOZUBIN & BURKE

                                Mark E. Wilkerson

MEW/KLR/mlf
2000/264/corresp/Moody.010

Exhibit 6
Page 3 of 3 Pages