5.      The firm represents Mr. Dunst pursuant to a contingency fee agreement. I do not keep detailed records of the time I spend on contingency fee cases, given that my fee is based on a percentage of the client's recovery and not on the number of hours spent on the case. In reviewing my records and the Dunst files, however, I have determined that I spent more than 40 hours on this case from the time GEICO issued its reservation of rights letter up until the filing of this motion.

6.      My time was spent directing and reviewing the work of Mr. Slottee and Mr. Baker, researching GEICO's denial of coverage, reviewing and analyzing Mr. Dunst's three different GEICO policies, researching legal issues, drafting correspondence to GEICO regarding its denial of coverage, drafting the motion to dismiss and its attendant pleadings, drafting the Answer and Counterclaim, drafting the petition to take depositions filed in state court, preparing for and conducting depositions of the four police officers involved in the investigation of the accident, attempting to obtain records from the Department of Motor Vehicles and the Alaska State Troopers regarding possible drivers of the Ford Explorer, and preparing for and conducting the deposition of Amanda Torres.

DATED this 24th day of January, 2006.

W. Michael Moody

SUBSCRIBED AND SWORN TO before me this 24th day of January, 2006.

OFFICIAL SEAL
State of Alaska
JONELLE G. ANGLETON
NOTARY PUBLIC

Notary Public in and for Alaska
My Commission Expires: 4-11-06

AFFIDAVIT OF W. MICHAEL MOODY
*GEICO v. Dunst*, A04-0272 CV (JWS)
Page 3 of 4
82917/7443.1

Exhibit 11
Page 3 of 4 Pages