W. Michael Moody
Christopher J. Slottee
ATKINSON, CONWAY & GAGNON
Attorneys for Gary Dunst
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
Phone: (907) 276-1700
Fax: (907) 272-2082
wmm@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) | Case No. A04-0272 CV (JWS) |
| Plaintiff, | ) ) ) | **DEFENDANT GARY DUNST'S MOTION FOR COSTS** |
| vs. | ) ) | |
| GARY DUNST | ) ) | |
| Defendant. | ) ) | |

   On December 30, 2005, the parties filed a Status Report informing the Court that they were attempting to resolve the attorney's fees and costs issue and that if they were unsuccessful, they would file motions addressing Gary Dunst's entitlement to attorneys' fees and costs. On January 4, 2006, the Court accepted the Status Report and directed the parties to proceed in accordance with that Status Report. <u>See</u> Court's Order dated January 4, 2006 (Docket 26).

In accordance with the Court's Order dated January 4, 2006, Dunst submits this motion for costs. This motion is concerned only with the costs that Dunst may recover pursuant to 28 U.S.C. § 1920, Civil Rule 54(d)(1), and D. Ak. LR 54.1. Dunst has filed a separate motion seeking an award of attorney's fees.

It is unclear whether the Court intended the parties to brief the issue of recoverable costs, or indeed if there is any issue to brief. In the normal course, the costs that Dunst may recover would be decided by the Clerk of the Court, and not by this Court. In accordance with that standard procedure, Dunst has prepared a cost bill and submits it with this motion. See Exhibit 1. Consequently, the Court may simply direct the Clerk of the Court to determine what costs Dunst may recover.

Alternatively, the Court may determine itself what costs Dunst may recover. 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following....") Under 28 U.S.C. § 1920, the prevailing party in a civil action may recover: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

The costs Dunst seeks to recover include $1,420.10 for the costs of depositions conducted in connection with the investigation into the driver of the Ford Explorer,[1] $37.50 for witness fees, $373.69 for copies, and $50 for service of his state court action against Amanda Torres.[2]  Ex. 1.  The total costs Dunst therefore seeks is $1,891.29.  Ex. 1.  These costs were all necessarily incurred in this action.  Ex. 1.  Recovery for these items of cost is specifically permitted by 28 U.S.C. § 1920.

Therefore, the Court can either direct the Clerk of the Court to determine what costs are recoverable in this action.  Alternatively, the Court can award Dunst his costs directly.  A proposed order awarding Dunst his costs has been submitted with this motion.

DATED this 24th day of January, 2006.

ATKINSON, CONWAY & GAGNON
Attorneys for Gary Dunst

By     s/ Christopher J. Slottee
Christopher J. Slottee
420 L Street, Suite 500
Anchorage, AK 99501
Phone:  (907) 276-1700
Fax:  (907) 272-2082
E-mail: cjs@acglaw.com
ABA No. 0211055

---

[1] These depositions were conducted pursuant to subpoenas issued in the state court action Dunst filed under Alaska Civil Rule 27 to undertake discovery before an action can be filed. The depositions led to the identity of the driver of the Ford Explorer.  Discovery her identity resulted in Dunst's subsequent victory in this action.

[2] Dunst filed suit against Amanda Torres, the driver of the Ford Explorer so that discovery could be obtained, including whether Ms. Torres was an insured or uninsured driver.  In her deposition, Ms. Torres confirmed that she was the driver of the Ford Explorer and that she had no liability insurance.  Counsel for GEICO attended and participated in Ms. Torres' deposition.

I certify that on January 24, 2006,
a copy of the foregoing document
was served electronically on:

Mark E. Wilkerson, Esq.


By     s/ Christopher J. Slottee