# WILKERSON, HOZUBIN & BURKE, pc
### 310 K Street, Suite 405
### Anchorage, Alaska 99501

~~UBIN
.BURKE
~AN D. MACK
WALLACE H. TETLOW

Telephone (907) 276-5297
Facsimile (907) 276-5291

August 3, 2005

**Hand-delivered**

W. Michael Moody, Esq.
420 L Street, Suite 500
Anchorage, AK  99501

Re:   *GEICO v. Dunst*
      Case No.:  A04-0272 CV (JWS)
      Our File No.:  2000.264

Dear Mr. Moody:

Per our previous conversations, enclosed are the following:

1) <u>Mr. Dunst's Cycle-Guard policy</u> (total 23 pages).  This includes amendments and endorsements, as well as declarations recently received by this office.  Also included is a UM/UIM selection/rejection form indicating Mr. Dunst's rejection of UM/UIM coverage for the winter months.  This letter confirms GEICO's agreement that UM/UIM coverage was in place at the time of the accident that is the subject of this case.

2) <u>Mr. Dunst's policy for his Dodge and Cadillac</u> (total 24 pages).  This includes declarations, amendments, and endorsements.  Also included is a UM/UIM selection/rejection form indicating Mr. Dunst's selection of $100,000 limits.

3) <u>Mr. Dunst's umbrella policy</u>, with declarations and amendments (total 13 pages).

Assuming that the adverse driver has been accurately identified (which would negate the "hit and run" UM/UIM coverage issue), and assuming that the driver has no liability coverage or has coverage that is insufficient to compensate Mr. Dunst, it appears Mr. Dunst would be eligible for coverage as follows: UM/UIM bodily injury coverage of up to $300,000 (plus any add-ons); UM/UIM property damage coverage of up to $25,000 (plus any add-ons); and, consistent with <u>Holderness</u> and AS 21.89.020, UM/UIM bodily injury coverage up to $1,000,000 (plus any add-ons) under his Umbrella policy.  We do not believe the Umbrella policy affords UM/UIM property damage, but we are looking into

*E*
*1   3*

that issue and will supplement this letter accordingly. We believe the $100,000 coverage selected under the Dodge/Cadillac policy is exempted pursuant to AS 28.20.445 (c), but again we are looking into that issue and will supplement if necessary.

If you read the policies or the law differently, please advise. We will gladly consider your arguments. This letter is not intended, and should not be treated, as a final statement of GEICO's coverage position. To reiterate, we are continuing to evaluate Mr. Dunst's coverage eligibility and the applicable limits. No waiver or estoppel are intended, nor should they be inferred.

On a related subject, please contact me at your earliest convenience to discuss whatever information you have concerning the person you have identified as being responsible for Mr. Dunst's accident. Specifically, please provide any information you have concerning whether the tortfeasor has liability insurance covering this accident, and please provide copies of any and all liability policies that you have identified. Further, please provide any information you have concerning the tortfeasor's availability for a deposition. GEICO would like to depose the identified tortfeasor to confirm her involvement in the accident, and to ascertain the extent of her liability coverage, if any. If a deposition is scheduled in the tort case you filed against her, please advise if GEICO is invited to attend. Otherwise, we will subpoena her for a deposition in the declaratory judgment action, but this would seem duplicative. Please let me know your position.

Very Truly Yours,

WILKERSON, HOZUBIN & BURKE

For Mark E. Wilkerson

MEW/mlf
Enclosures.

E
2 3

W. Michael Moody, Esq.
August 2, 2005
Page 3


2000/264/corresp/Moody.007
bcc: Ms. Tamara Swindler, w/o encls.
     [Claim No. 0093170860106086/J886]

E
3   3