W. Michael Moody
Christopher J. Slottee
ATKINSON, CONWAY & GAGNON
Attorneys for Gary Dunst
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
Phone: (907) 276-1700
Fax: (907) 272-2082
wmm@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GARY DUNST<br><br>Defendant. | Case No. A04-0272 CV (JWS)<br><br>**REPLY TO OPPOSITION TO MOTION FOR COSTS** |

As is the case with its Opposition to Gary Dunst's Motion for Attorney's Fees, GEICO claims that Gary Dunst is not the prevailing party and that the costs claimed by Dunst were not incurred in the federal court litigation, but rather in the state court litigation. Once again, GEICO is clearly wrong.

First, Dunst is the prevailing party in this litigation as set out in Dunst's Reply to GEICO's Opposition to Motion for Attorney's Fees, filed contemporaneously with this brief. Rather than repeat himself unnecessarily, Dunst incorporates that Reply by reference.

Given that GEICO has conceded that Dunst is entitled to $1,600,000 in UM/UIM coverage, which is the exact relief sought in Dunst's counterclaim, it is clear Dunst is the prevailing party.

Second, contrary to GEICO's characterizations, the majority of Dunst's costs were not incurred in a state court lawsuit. The majority of Dunst's costs were incurred in an investigatory proceeding brought pursuant to Alaska Civil Rule 27 and as such are recoverable in this action.

GEICO based its declaratory judgment action on the assertion that the driver of the Ford Explorer was unknown. In its First Amended Complaint, and in other pleadings before this Court, GEICO asserted that it was <u>Dunst's</u> burden to identify the driver of the Ford Explorer and establish that she was uninsured. See First Amended Complaint, ¶ 29 (Docket 7) ("GEICO is entitled to a declaration that under the motorcycle and umbrella policies, in the absence of physical contact with the adverse driver and either the covered person directly or with the covered cycle, <u>Dunst has the burden of proving</u> the adverse vehicle and operator were uninsured/underinsured to make a cognizable claim with GEICO.") (emphasis added). In its declaratory judgment action, GEICO sought "entry of an order declaring that <u>the insured bears the burden of production and burden of proof</u> on his claim for UM or UIM benefits." First Amended Complaint, p. 6 ¶ B (Docket 7) (emphasis added). Furthermore, recognizing that ascertaining the identity of the driver of the Ford Explorer was the main issue in this case, this Court stayed the litigation to permit the parties to conduct a thorough investigation. See Order (Docket 16).

In order to aid his efforts to identify the driver of the Ford Explorer, Dunst filed a petition in state court under Alaska Civil Rule 27 at around the same time GEICO filed its declaratory judgment action.  See (Ex. 1).  This Alaska Civil Rule 27 proceeding was not a lawsuit, as GEICO would have the Court believe, but an aid to Dunst's investigation There was no defendant in this proceeding and costs could not be recovered.[1]  The majority of the costs Dunst is claiming were incurred in utilizing the procedures made available by this investigatory proceeding in an effort to meet the burden of proof alleged by GEICO.  For example, every deposition except Ms. Torres' deposition was conducted pursuant to Dunst's Alaska Civil Rule 27 petition.  Those depositions were instrumental in leading to the discovery of Ms. Torres.

Third, contrary to GEICO's implication, GEICO was not excluded from all of the depositions.  GEICO's counsel was notified of, and participated in, the deposition of Ms. Torres.  Furthermore, GEICO's suggestion that Dunst improperly failed to advise GEICO of his investigatory efforts is wholly misplaced.  Dunst did not have an obligation to notify GEICO of his investigatory efforts, just as no party has a duty to notify opposing counsel of the manner in which they researching the facts of the case.  It is GEICO that owes Dunst both fiduciary duties and a duty to fully investigate the case before denying coverage.  See e.g. O.K. Lumber Co. v. Providence Washington Ins. Co., 759 P.2d 523, 525

---

[1] For example, the caption for pleadings in the Alaska Civil Rule 27 proceeding was "In re Dunst." See e.g. (Ex. 4).  No costs or attorney's fees can be recovered in an Alaska Civil Rule 27 proceeding.

REPLY TO OPPOSITION TO MOTION FOR COSTS
*GEICO v. Dunst*, A04-0272 CV (JWS)
Page 3 of 5
83348/7443.1

(Alaska 1988). Dunst does not owe such duties to GEICO and he did nothing improper in conducting the investigation that GEICO should have done.

Finally, GEICO makes the blanket assertion that all of the costs claimed by Dunst were incurred in the state court action, when that is clearly not true. For example, the costs incurred for photocopies and copies of the APD police report, 911 tape, and drawings of the intersection were all incurred in a clear effort to find Ms. Torres, which was a central issue of the federal court litigation. As such those amounts, totaling more than $350.00 are recoverable in this action.

Dunst is the prevailing party and the costs detailed in Dunst's cost bill were necessarily incurred in connection with this action. Therefore, Dunst should be awarded his costs.

DATED this 24th day of February, 2006.

ATKINSON, CONWAY & GAGNON
Attorneys for Gary Dunst

By   s/ Christopher J. Slottee
Christopher J. Slottee
420 L Street, Suite 500
Anchorage, AK 99501
Phone: (907) 276-1700
Fax: (907) 272-2082
E-mail: cjs@acglaw.com
ABA No. 0211055

I certify that on February 24, 2006,
a copy of the foregoing document
was served electronically on:

Mark E. Wilkerson, Esq.


By      s/ Christopher J. Slottee