Atty    1 _____
Atty    2 _____
Paralegal _____

# WILKERSON, HOZUBIN & BURKE, pc

310 K Street, Suite 405
Anchorage, Alaska 99501

MARK E. WILKERSON
REBECCA J. HOZUBIN
DANA S. BURKE
SUSAN D. MACK
WALLACE H. TETLOW

Telephone (907) 276-5297
Facsimile (907) 276-5291

November 12, 2004

*Via Hand Delivery*

Michael Moody, Esq.
420 L Street, Suite 500
Anchorage, AK  99501

HAND DELIVERED

NOV 1 2 2004

Atkinson, Conway &
Gagnon

Re:  *Gary Dunst*
     Insured:  Gary Dunst
     Claim No. 0093170860106086/J886
     Date of Loss:  6/3/04
     Our File No.:  2000.264c

Dear Mr. Moody:

    We have been retained by GEICO to advise with respect to coverage for Mr. Gary Dunst.  We have reviewed your letters to GEICO dated October 14, 2004 and October 15, 2004, concerning Mr. Dunst's uninsured bodily injury motorist coverage.

    You inquired about the applicable policies.  Mr. Dunst has a GEICO Indemnity Cycle-Gard Motorcycle policy number NX-61-05-5 with facial limits of $300,000 for UMBI coverage and $25,000 for UMPD coverage.  A copy of that policy is enclosed.

    Mr. Dunst also has an umbrella liability policy #P5051888 with a $1,000,000.00 limit.  The umbrella policy excludes personal injury resulting from an uninsured or underinsured motorist claim unless a premium is shown for the uninsured or underinsured motorist coverage in the declarations.  The declarations show no premium for uninsured or underinsured motorist umbrella coverage.  GEICO is mindful of the *Holderness* decision.  GEICO also is mindful of AS 21.89.020(i) which provides, "in this section automobile liability insurance does not include coverage provided only on an excess or umbrella basis."  A copy of the umbrella policy is enclosed.

    You question GEICO's conclusion that this accident is not a covered UM/UIM loss.  Specifically, you argue this was not a "hit and run."  It is undisputed that the adverse driver was "unknown" as that word is used in Alaska motor vehicle statutes;

Exhibit 1

Page 1 of 5 Pages

Michael Moody, Esq.
November 12, 2004
Page 2

and that this was a "hit and run" as that phrase is defined by
Alaska's criminal statutes, and as defined by the GEICO policy.
Our analysis is set out below.

Alaska's Mandatory Motor Vehicle Insurance statute, AS
28.22.201(b), provides as follows:

> If both the owner and operator of a vehicle are
> **unknown**, payment under the uninsured and underinsured
> motorists coverage <u>may be made only</u> where <u>direct
> contact</u> between the motor vehicles has occurred.
> [Emphasis added.]

The statute goes on to discuss a hit and run situation:

> A vehicle and operator that have left the scene of an
> accident with another vehicle are presumed to be
> uninsured if the insured person reports the accident
> to the appropriate authorities within 24 hours.

Alaska's Motor Vehicle Safety Responsibility Act, AS
28.20.445(f), is substantively identical.

"Hit and run" is not defined in the motor vehicle statutes,
but Alaska's criminal statutes define a "hit and run" as an
accident where the driver fails to provide the information
required by the statute:

> **AS 28.35.060** (a) The operator of a vehicle involved in
> an accident resulting in injury to or death of a person
> or damage to a vehicle that is driven or attended by a
> person **shall give the operator's name, address, and
> vehicle license number** to the person struck or injured,
> or the operator or occupant, or the person attending,
> and the vehicle collided with and shall render to any
> person injured reasonable assistance...[Emphasis
> added.]

The criminal code thus requires the driver to leave identifying
information, not merely stop long enough to say, "I did not hit
him," and then leave.



Exhibit 1

Page 2 of 5 Pages

Michael Moody, Esq.
November 12, 2004
Page 3


GEICO's policy language in the Cycle-Gard policy is consistent with the Alaska statutes. Part IV of the Cycle-Gard policy provides uninsured motorist coverage as follows:

> **We** will pay damages which a ***covered person*** is legally entitled to recover from the owner or operator of an ***uninsured motor vehicle*** because of bodily injury sustained by a ***covered person*** and caused by an accident.

Generally, for a covered person to recover UM damages, the covered person must prove that neither the owner nor the operator of the other vehicle had applicable liability insurance. See 24 <u>Appleman on Insurance</u> 2d, Section 147.4 (Matthew Bender 2004).

The GEICO policy, like the Alaska statutes, exempts the insured from this burden of proof in "hit and run" "if there is physical contact..."

> ***Hit and Run Motor Vehicle*** means a motor vehicle causing bodily injury to a ***covered person*** arising out of physical contact with either a ***covered person*** directly or with ***your covered cycle,*** providing:
>
> 1. The identity of either the operator or owner of such cannot be ascertained.
>
> 2. The ***covered person*** or someone on his behalf reports the accident as a hit and run accident to a police, peace or judicial officer of the Commissioner of Motor Vehicles within 24 hours of the accident.
>
> 3. ***We*** are notified under oath within 30 days of the accident that a ***hit and run motor vehicle*** was responsible. . . .

The GEICO policy specifically defines "hit and run" to include situations where the driver's identity "cannot be ascertained." Without the operator's name, address and/or vehicle license number, the identity of either the operator or owner "cannot be ascertained" as required by GEICO's policy. If the identity of the operator or vehicle cannot be ascertained,



Exhibit 1

Page 3 of 5 Pages

Michael Moody, Esq.
November 12, 2004
Page 4

then the owner and operator of the vehicle are "unknown" for
purposes of AS 28.22.201(b) and AS 28.20.445(f). This also is
consistent with the criminal statutory definition of "hit and
run."

The Alaska Supreme Court has addressed this issue.  See
Wold v. Progressive Preferred Ins. Co., 53 P.3d 155.  The Wold
decision relied heavily on the Alaska statutes and concluded
they

> ...reflected the state's public policy to not allow U
> claims where there is an unknown driver and no
> physical contact.

                              ***

> ...[T]he trial court's ruling enforcing the
> Progressive policy's physical contact requirement was
> mandated by Alaska law.  In 1984 Alaska's Motor
> Vehicle Safety Responsibility Act (MVSRA), to which
> all automobile policies must conform...

                              ***

> With the exception of *Hamric*, courts in jurisdictions
> whose UM/UIM statutes include express physical contact
> requirements invariably hold that the UM/UIM coverage
> does not apply in a miss-and-run case -- that there
> must be some actual contact with the known vehicle.
> [Citation omitted.]  *Orpustan v. State Farm Mutual*
> *Automobile Insurance Co.* exemplifies the reasoning of
> these courts. [Citation omitted.]  There, the
> California Supreme Court enforced a statutory physical
> contact requirement despite clear proof that the claim
> was not fraudulent, [citation omitted] concluding that
> the legislature had made a permissible policy choice
> in adopting the requirement: 'The statute makes proof
> of 'physical contact' a condition precedent in every
> case for the recovery of damages caused by an unknown
> vehicle.  There are no exceptions.  If it is advisable
> that the statute be changed, the solution lies within
> the province of the Legislature. [Citation omitted;
> emphasis added.]

Exhibit 1
Page 4 of 5 Pages

Michael Moody, Esq.
November 12, 2004
Page 5

\*\*\*

    ...[T]o accept corroborative evidence as a substitute
for physical contact, we would need to override the
express terms of AS 28.20.445(f) and AS 28.22.201(b).
[Plaintiff] thus essentially asks us to nullify a
legislative choice on public policy grounds.  Yet the
statutes themselves reflect the state's public policy;
hence, we have recognized that 'public policy...cannot
override a clear and unequivocal statutory
requirement.' [Citation omitted.]

    The law is clear.  Mr. Dunst may only make a claim if there
was direct contact with his vehicle.  There was not.

    You ask what investigation GEICO has done to attempt to
locate and identify the adverse driver.  Although GEICO does not
have the burden of proof, GEICO has done everything within
reason to ascertain the adverse driver's identity, including
interviewing the police, the witnesses, reviewing the
photographs, etc.  If you have ascertained the identity of the
driver of the adverse vehicle, or have any suggestions in that
regard, please advise.

    GEICO intends to file a declaratory judgment action asking
the court to affirm that GEICO owes no coverage under the
umbrella policy, and separately that because there was no
physical contact, there is no coverage under the motorcycle or
the umbrella policy for this accident.

                   Very Truly Yours,

                   WILKERSON, HOZUBIN & BURKE

                   *Susan Q. Mack*

       *for*      Mark E. Wilkerson

MEW/mlf
Enclosures.
cc:  GEICO
2000/264/corresp/Moody.001

Exhibit ___1___

Page __5__ of __5__ Pages