BRUCE E. GAGNON
ROBERT J. DICKSON
W. MICHAEL MOODY
PATRICK B. GILMORE
RICHARD E. VOLLERTSEN
NEIL T. O'DONNELL
JEROME H. JUDAY
DANIEL F. FITZGERALD
CHRISTOPHER J. SLOTTEE

LAW OFFICES OF
ATKINSON, CONWAY & GAGNON, INC.
A PROFESSIONAL CORPORATION
420 L STREET
SUITE 500
ANCHORAGE, ALASKA 99501

TELEPHONE:
(907) 276-1700

TELECOPIER/FACSIMILE:
(907) 272-2082

OF COUNSEL
JOHN M. CONWAY
KENNETH R. ATKINSON

November 23, 2004

<u>Via Telefax — Original to Follow</u>

Mark E. Wilkerson, Esq.
Wilkerson & Associates
310 K Street, Suite 405
Anchorage, AK 99501

Re:   Gary Dunst/GEICO

Dear Mr. Wilkerson:

      This is in response to your letter dated November 12, 2004, which provided copies of the motorcycle and umbrella policies, set forth GEICO's position there was no UM/UIM coverage under either policy, and attached a copy of the federal court complaint you had already filed for GEICO against Mr. Dunst.

      On behalf of Gary Dunst, we gave notice of his UM/UIM claims because automobile policies often require notice within a specified timeframe. We even inquired whether there was a proof of loss form that needed to be completed. We anticipated that GEICO would "promptly provide necessary claim forms, instructions, and assistance" as required by 3 AAC 26.040(a)(3). We further expected GEICO to fulfill its duty to "promptly undertake the investigation" of the claim submitted as required by 3 AAC 26.050(a). Yet GEICO's first step after notice of the claim was to file an action seeking a declaration of no coverage. This hardly complies with GEICO's duties under Alaska statutes and regulations, its special fiduciary duties, or its duty of good faith and fair dealing. Apparently it is never too early for GEICO to go forum shopping.

      Gary was stunned by GEICO's lawsuit against him. He had merely given notice of his claims so as to comply with any policy requirements. Rather than getting the help he thought he had purchased from GEICO, he was slapped with a lawsuit. Dealing with his injuries, ongoing treatment and rehabilitation needs were enough of a burden to him, without being sued by his own insurance company. As a GEICO policyholder for many years, he expected far better treatment than immediately being sued. He rightly expected some concern and consideration, not

Exhibit 2   Page 1 of 3 Pages

Mark E. Wilkerson, Esq.
November 23, 2004
Page 2

to mention help in getting all the protection available under his policy. GEICO knows that his injuries are disabling and will require lifelong medical care. Just his medical bills to date exceed $250,000 After many months of treatment and recuperation, he recently was released to return to work. He has returned to his former work, but is experiencing some problems on the job that may impact his future employability. He is greatly in need of all available insurance. GEICO owed him a duty to exhaust all avenues to coverage, not a premature lawsuit.

It is implicit in your letter that GEICO does not intend to do anything further to determine the identity of the driver of the tan Explorer or whether or not she was insured. We believe GEICO has a duty to investigate this accident fully, and to exhaust all efforts to find coverage if it exists. This includes exhausting all efforts to determine the identity of the opposing driver before declaring there is no coverage. It has a duty to investigate and clearly has more resources to bring to bear on the question than Gary Dunst has. Even though GEICO has not done this, we will continue our own efforts on behalf of Mr. Dunst. Until all investigative efforts are exhausted, it is premature for GEICO to either deny coverage or to pursue the declaratory judgment action it rushed to federal court.

Until all investigative efforts are exhausted, it is impossible for GEICO to know whether the Wold case applies to this claim. Moreover, the facts here clearly differ from Wold, which was a classic hit and run. As GEICO well knows, the Explorer driver stopped at the scene and spoke with police officers and other witnesses. It is premature to consider whether GEICO may properly rely on Wold and the hit and run provision in the statute to avoid coverage, but it appears that relying on this loophole under these facts is inconsistent with the overall purpose and remedial intent of the UM/UIM statutes. Responsible insurers apparently agree with me, since I understand such claims are often paid, even when the other driver is unknown, where there is no indication that the claimed role of the phantom driver is fraudulent.

GEICO's position with respect to the umbrella policy is somewhat ambiguous, it appears purposely so. Your letter acknowledge that "GEICO is mindful of the Holderness decision," but then seeks to counter that case by quoting AS 21.89.020(i). Of course, you neglect the critical fact that subsection .020(i) was not the law of Alaska at the time Mr. Dunst was injured. It did not become the law until almost five months after Gary was injured. A second flaw with your reference to subsection .020(i) is that the later statutory change cannot establish the intent of the earlier legislature. The 2004 legislature was "not institutionally competent" to determine the legislative intent of the 1984 legislature. Hillman v. Nationwide Mut. Fire Ins. Co., 758 P.2d 1248, 1252 (Alaska 1988). Thus, it appears that the facts here fall squarely within Holderness. If GEICO made the offer of UM/UIM coverage equal to the liability coverage as required by AS 21.89.020(c)(1), and received the written waiver required by AS 21.89.020(e), please provide copies of those documents.

Exhibit 2

Page 2 of 3 Pages

Mark E. Wilkerson, Esq.
November 23, 2004
Page 3

      To bolster GEICO's premature denial of coverage, you state "It is undisputed that the adverse driver was 'unknown.'" Let me be clear: that is not undisputed. Much is known about this driver and her vehicle. Indeed, we have photos of both, just as GEICO presumably has. Witnesses and some of the police officers know what she looks like and what her vehicle looks like. She is not some phantom driver who is totally unknown. She is a known person, shown in photographs. What is not currently known, at least to Mr. Dunst, are her name and address.

      Your reference to AS 28.35.060(a) is similarly unavailing. First, that statute is intended to apply to the person who knowingly flees the scene of an accident. Kimoktoak v. State, 584 P.2d 25 (Alaska 1978). Second, it is known that the driver spoke to one or more policemen. Just because they did not include any reference to her in the police report does not mean she did not give them some or all of the information. Once again, GEICO simply assumes facts that may facilitate its denial of coverage. As you well know, the insurer is required not only to do a full, fair, objective investigation, but also must give at least as much consideration to the interests of the insured as it does to its own interest. GEICO has failed to meet that duty.

      You summarize the investigation GEICO claims to have done. Since we are continuing to investigate this matter, please provide the specifics of the investigation, including all facts developed, all documentation of the interviews with the police and witnesses, including but not limited to audiotapes, notes, summaries, reports and memoranda, and all information known to GEICO that may assist in our ongoing investigation.

      Very truly yours,

      ATKINSON, CONWAY & GAGNON

By *[signature]*
    W. Michael Moody

WMM/jga
74897/7443.1

Exhibit 2
Page 3 of 3 Pages