## WILKERSON, HOZUBIN & BURKE, pc

310 K Street, Suite 405
Anchorage, Alaska 99501

MARK E. WILKERSON
REBECCA J. HOZUBIN
DANA S. BURKE
SUSAN D. MACK
WALLACE H. TETLOW

Telephone (907) 276-5297
Facsimile (907) 276-5291

RECEIVED BY MAIL
DEC 0 6 2004
ATKINSON, CONWAY & GAGNON, INC.

December 3, 2004

*Via Fax & Mail*

W. Michael Moody, Esq.
420 L Street, Suite 500
Anchorage, AK 99501

Re: *GEICO v. Dunst*
Case No.: A04-0272 CV (JWS)
Our File No.: 2000.264

Dear Mr. Moody:

This is in response to yours of November 23, 2004. Your letter of October 14, 2004, was far more than a "mere notice of claim" letter. That letter indicates that your firm represents Mr. Dunst and that all communication must be with your office; it confirms that Mr. Dunst had been provided GEICO's reservation of rights letter dated September 16, 2004; it states that you dispute GEICO's coverage position; it disputes whether this was a hit-and-run situation; it accuses GEICO of acting without foundation and unreasonably; it accuses GEICO of not performing a sufficient investigation; and it asks for a prompt response. We provided that prompt response by our letter of November 12, 2004, and by filing a declaratory action on that same date. From the terms of your October 14, 2004, letter, it was clear that this was a disputed matter, and that your office was aggressively pursuing that dispute. Under such circumstances, a declaratory judgment is <u>the</u> appropriate legal action. GEICO was not "slapping" its insured with a lawsuit, but rather seeking prompt, fair resolution of this coverage dispute in the appropriate forum. There was no rancor or ill will intended.

We believe it is in the best interest of your client, as well as GEICO, to move this matter forward in the most efficient legal forum available. No one is accusing your client of any bad behavior, and all are sympathetic to his injuries. But, the law is clear. GEICO owes an obligation to its insureds to pay only those claims that are legally owed, both from a liability and a coverage perspective.

Exhibit 3
Page 1 of 2 Pages

W. Michael Moody, Esq.
December 3, 2004
Page 2

    Next, GEICO believes all reasonable investigative efforts have been exhausted. Again, although GEICO believes your client bears the burden of proving that he was involved in a cognizable uninsured or underinsured motorist accident, GEICO has sought to ascertain the identity of the unknown driver. We know that you have diligently attempted to ascertain the same to no avail. GEICO has interviewed all available witnesses, reviewed all information provided by the police, and digitally blown up all photographs in an effort to get even a partial license plate or other identifying information. The driver remains unknown. GEICO is open to any <u>reasonable</u> suggestion as to what else could be done to determine the identity of the unknown driver.

    With regard to the umbrella policy, the <u>Holderness</u> decision, and the legislation that reversed that decision, I am looking into the legislative history of the statute and I will carefully re-review the <u>Hillman</u> case you cite, and I will respond further within two weeks.

    Finally, I am getting statements, photos, and other investigative information copied and forwarded to my office; I then will provide it to you.

                                   Very Truly Yours,

                                   WILKERSON, HOZUBIN & BURKE

                                   Mark E. Wilkerson

MEW/mlf
cc: GEICO
2000/264/corresp/Moody.002

Exhibit 3
Page 2 of 2 Pages