UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 3:04-cv-272 JWS |
| vs. | ) ) | ORDER FROM CHAMBERS |
| GARY DUNST, | ) ) | [Re: Motions at Dockets 29 & 30] |
| Defendant. | ) ) ) | |

## I. BACKGROUND AND MOTIONS PRESENTED

As the court explained in its order at docket 37, the parties briefed the issues of attorneys' fees and costs before formally settling this case. The court directed the parties to file closing papers by May 26, 2006, and warned them that if they did not, the court would deny defendant Gary Dunst's motion for attorneys' fees at docket 29 without prejudice to re-filing. In addition, the court denied Dunst's motion for costs without prejudice as not ripe.

In response to the order at docket 37, the parties filed a stipulation for entry of judgment on May 26, 2006. The parties stipulated to entry of a judgment declaring that Dunst is entitled to uninsured/underinsured motorist coverage for the accident on June 3, 2004, under three policies.[1] They also agreed to renew Dunst's motion for costs at docket 30, which has been fully briefed. That motion joins Dunst's motion at

---

[1]Doc. 38, p. 2.

docket 29, which also has been fully brief, on the court's docket. Oral argument has not been requested on either motion and would not assist the court.

## II. DISCUSSION

### A. Dunst Is the Prevailing Party

The basis of this court's jurisdiction is the diversity of the parties' citizenship, and therefore the court will apply the law of the forum state in awarding attorneys' fees.[2] Under Alaska Civil Rule 82(a), a party is entitled to recover a portion of its attorneys' fees if it is the "prevailing party." A party is the prevailing party if it succeeds on the "main issues" in the case.[3]

The Government Employees Insurance Company ("GEICO") sought an order declaring that Dunst is not entitled to recover on his insurance policies, while Dunst sought an order declaring the opposite.[4] Judgment is being entered in Dunst's favor on all the main issues presented in this case. In an effort to show Dunst did not succeed on the main issues, GEICO points out the court ruled against Dunst on his motion to dismiss. The issues raised by that motion were minor compared to the issues resolved by the judgment that is being entered in Dunst's favor. Dunst is the prevailing party.

### B. Amount of Attorneys' Fees

Under Rule 82(b)(2), a prevailing party is entitled to a portion of its "reasonable actual attorney's fees which were necessarily incurred ...[,] includ[ing] fees for legal work customarily performed by an attorney but which was delegated to and performed by an investigator, paralegal or law clerk." In a case, such as this one, that is resolved without money judgment and short of trial, the presumptive recoverable portion of attorneys' fees is 20 percent.[5]

---

[2] *MRO Commc'ns v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)).

[3] *Bowman v. Blair*, 889 P.2d 1069, 1075 (Alaska 1995) (citing *Alaska Placer Co. v. Lee*, 553 P.2d 54, 63 (Alaska 1976); *Cooper v. Carlson*, 511 P.2d 1305, 1308 (Alaska 1973)).

[4] Doc. 4, ex. 1, amended complaint for declaratory judgment, p. 6; doc. 18, answer and counterclaim for declaratory judgment, pp. 9-10.

[5] ALASKA CIV. R. 82(b)(2).

Case 3:04-cv-00272-JWS   Document 41   Filed 06/09/06   Page 2 of 7

Dunst submits that his attorneys' fees total $36,458.75, consisting of: 1) $10,000 for attorney W. Michael Moody's 40 hours of work at $250 per hour; 2) $13,101 for attorney Christopher J. Slottee's 79.4 hours of work at $165 per hour; and 3) $13,357.75 for paralegal Lewis E. Baker's 157.15 hours of work at $85 per hour.[6]

GEICO raises several issues concerning Dunst's fees. The first is that most of them were incurred in state court proceedings in which Dunst took depositions that led to the discovery of the identity of the other driver involved in his accident and her insurance status. GEICO asserts Dunst may not recover those fees in this case, because Rule 82 applies only to fees incurred in this action, and not those incurred in other proceedings.[7] Dunst would circumvent this problem by citing the Alaska Supreme Court's decision in *Aloha Lumber Corp. v. University of Alaska* for the proposition that he may recover fees incurred in the state court proceedings because those proceedings were "closely related to" and "made necessary by" this action.[8]

To a large extent, the court agrees with Dunst. The state court proceedings were "closely related to" these proceedings up to the discovery of the other driver's identity and insurance status, because that information was critical to this case. After that, the state court proceedings were not related to these proceedings because they concerned information, such as the other driver's driving record, that is irrelevant here. As for whether the state court proceedings were "made necessary by" this action, an argument could be made that they were not, because the depositions taken under state court authority could have been taken under this court's authority pursuant to Federal Rule of Civil Procedure 45. Still, the court finds persuasive the fact it stayed these proceedings, and then extended the stay, to allow Dunst "to pursue discovery in his state court

---

[6] Doc. 29, ex. 11, affidavit of W. Michael Moody, p. 2, ¶ 2.

[7] *Torrey v. Hamilton*, 872 P.2d 186, 187 (Alaska 1994) (citing *Alaska State Hous. Auth. v. Riley Pleas, Inc.*, 586 P.2d 1244, 1249 (Alaska 1978)).

[8] 994 P.2d 991, 1003 (Alaska 1999).

-3-

proceeding[s]."[9] By doing that, the court effectively allowed Dunst to substitute the state court proceedings for proceedings in this court under Rule 45 and thus made the state court proceedings a necessary part of his action before this court.

GEICO also notices some of Moody and Slottee's time was spent on a motion to dismiss that Dunst filed in this court and lost. However, the Alaska Supreme Court has indicated it is not appropriate to parse the award of attorneys' fees based on which party may have prevailed on which motion during the course of the litigation.[10] In the exercise of its discretion, this court will not reduce the fees to reflect the lack of success on that motion.

The third issue GEICO points out is the fact some of Moody and Slottee's work occurred before GEICO filed its action. Notably, GEICO does not dispute that the work was necessary to this case. The court will not penalize Dunst for his attorneys' head start by denying him fees for the work they performed before this case's formal beginning.

Finally, GEICO highlights the fact Moody's fees are not itemized – a result of his representing Dunst on a contingency fee basis, he says. Moody's hours were within the range the court would have expected him to spend on this case; his affidavit shows his hours were in fact devoted to this case, and his hourly fee is reasonable.[11] Consequently, his fees are recoverable despite the fact they were not itemized.

After considering the concerns raised by GEICO, the court concludes Dunst's claimed fees must be reduced by the amount corresponding to the time spent on the state court action after his confirmation of the other driver's identity and insurance status. According to Dunst, that occurred at her deposition, which the billing records

---

[9]Doc. 16, pp. 2-3, 7-8 (order granting stay during pendency of state court proceedings); doc. 17, p. 1 (order extending stay).

[10]*Gold Bondholders Protective Council v. Atchison, Topeka and Santa Fe Rwy. Co.*, 658 P.2d 776, 779 (Alaska 1983).

[11]*See* doc. 29, ex. 11, affidavit of W. Michael Moody.

-4-

reflect happened on August 18, 2005.[12] The only hours claimed after that point are 9.2 hours Baker worked between August 19 and October 10, 2005.[13] Subtracting the fees associated with those hours from the total fees claimed leaves $35,676.75.

Having determined the amount of fees Dunst appropriately may claim to have incurred for purposes of Rule 82, the next question is what percentage of that amount may he recover. The presumption is twenty percent, which would be $7,135.35.

The presumptive award may be increased or decreased based on consideration of factors set out in Rule 82(b)(3). Dunst argues the following Rule 82(b)(3) factors support a larger award: 1) the reasonableness of GEICO's claims and defenses; 2) the relationship between the amount of work performed and the significance of the matters at stake; and 3) basic equity.[14]

After considering the papers submitted by the parties, the court concludes none of those factors favors a larger award. Some of the legal positions GEICO advanced in correspondence with Dunst's counsel may not have been accurate, but they were not so obviously unreasonable as to support an enhanced award. The amount of work performed does not seem so small in relation to the significance of the matters at stake to warrant an increase. Lastly, basic equity does not support enhanced fees because this litigation's result – coverage for Dunst exceeding $1.6 million – is fair, and adding additional attorneys' fees to Dunst's total recovery is not needed to assure a reasonable and just result.

## C. Dunst May Not Recover His Costs

Dunst's motion for costs raises an interesting question in an area of law that otherwise might be regarded as sleepy. Dunst is entitled to recover certain costs because he is the prevailing party,[15] but it appears the costs he seeks to recover were

---

[12]*Id.*, ex. 11-A, p. 8 (entry for August 18, 2005, noting Baker's "videotap[ing of] Amanda Torres deposition").

[13]*Id.*, ex. 11-A, p. 9.

[14]ALASKA CIV. R. 83(b)(3)(F), (H), (K).

[15]*See* 28 U.S.C. § 1920; FED. R. CIV. P. 54(d)(1).

-5-

incurred in the state court proceedings.[16] Those costs comprise $1,420.10 for depositions; $37.50 for witness fees; $373.69 for "copies of papers necessarily obtained for use in this case"; and $50 for service of a state court civil action on the other driver.[17] GEICO questions the propriety of awarding those costs on the ground they were incurred in state court.

GEICO has a point, particularly regarding the $50 cost for service of the state court action on the other driver. It is inconceivable such a cost may be recovered in an action in federal court, no matter how related are the two actions. As for the other costs, they may be denied without deciding whether the fact they were incurred in state court proceedings necessarily bars their recovery here. The depositions taken by Dunst were not used at trial, awarding costs for depositions not used at trial is within the court's discretion,[18] and this case's circumstances counsel against such an award. Awarding witness fees also is in the court's discretion,[19] and the fact the witnesses were not deposed under this court's authority[20] cuts against such an award. Dunst claims $373.69 for "copies of papers necessarily obtained for use in this case" under 28 U.S.C. § 1920(4), but that statute provides authority for recovering costs associated with papers used at trial[21] and this case did not go to trial.

---

[16] Doc. 30, p. 3, nn.1-2.

[17] *Id.*, p. 3 and attached bill of costs.

[18] *Wash. State Dept. of Transp. v. Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir. 1995) (citing *Econs. Lab., Inc. v. Donnolo*, 612 F.2d 405, 411 (9th Cir. 1979)).

[19] 10 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2678 (3d ed. 1998).

[20] *See* 28 U.S.C. § 1821(a)(1).

[21] 10 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2677 (3d ed. 1998).

## III. CONCLUSION

For the reasons set out above, the motion at docket 29 is **GRANTED** in part and **DENIED** in part, and the motion at docket 30 is **DENIED**. Dunst shall recover from GEICO the sum of $7,135.35 in attorneys' fees.

The court cautions Dunst's counsel to take care to avoid accidentally claiming the hours at issue here in the state court action against the other driver. If Dunst should prevail in that action, he again would be entitled to recover attorneys' fees. The court can imagine a scenario in which Dunst's counsel submits billing records in which the hours claimed here are unintentionally included. It would be understandable if that happened, because the work is necessary to both actions. To help ensure that error does not occur, Dunst's counsel is directed to send a copy of this order to counsel for the other driver within **ten (10)** days of the date of this order. This precautionary measure does not imply that Dunst's attorneys would intentionally seek a double recovery of fees.

DATED at Anchorage, Alaska, this 9th day of June, 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE